UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
G, a 12-year-old minor suing by a fictitious name )
for privacy reasons, MOTHER, and FATHER, )
suing under fictitious names to protect the identity )
and privacy of G, their minor child, )
 ) NO. 15-CV-40116-TSH
      Plaintiffs, )
 )
V. )
 )
THE FAY SCHOOL (by and through its Board )
of Trustees) and ROBERT GUSTAVSON )
 )
      Defendants )
_____)

**FINDINGS AND ORDER ON THE PLAINTIFF'S MOTION FOR
RECONSIDERATION AND THE DEFENDANTS MOTION FOR JUDGMENT
ON THE PLEADINGS**

**June 8, 2018**

**HILLMAN, D.J.**

      The Plaintiffs motion for reconsideration of the contract and misrepresentation claim is denied because the Plaintiffs have failed to show a manifest error of law. The Plaintiffs motion for reconsideration of the retaliation claim is denied as moot for the reasons set forth *infra*.

      With respect to the Defendants Motion for Judgment on the Pleadings it is undisputed that damages are not permitted for claims brought by a private party under Title III of the ADA. *Goodwin v. C.N.J. Inc.*, 436 F.3d 44, 50 (1st Cir. 2006). However, what remedies are available for a retaliation claim brought under Title V is disputed. In order to activate the retaliation provision "the claim **must** arise as a result of a violation of one of the **three** previous chapters, Title I, II or III." *Collazo-Rosado v. Univ. of Puerto Rico*, 775 F. Supp. 2d 376, 384 (D.P.R.

2011) (emphasis in original). *See Oliveras-Sifre v. P. R. Dep't of Health*, 214 F.3d 23, 26-27 (1st Cir. 2000) (the retaliation claim was properly dismissed because "the actions described by Plaintiffs do not relate to any forms of discrimination prohibited by Titles I, II, or III of the ADA"). Title V states that "[t]he remedies and procedures available under sections 12117, 12133, and 12188 of this title shall be available to aggrieved persons for violations of subsections (a) and (b) of this section, with respect to subchapter I, subchapter II and subchapter III of this chapter, respectively." 42 U.S.C. § 12203(c). The sections referenced are the enforcement provisions of Title I, Title II, and Title III. Absent legal precedent by the First Circuit, and based on the language of the statute, I find that because a plaintiff cannot have a retaliation claim without a reasonable belief that the defendant's actions constituted discrimination in violation of Title I, Title II, or Title III, it follows that the enforcement provision that provides relief under the particular title in which the alleged discrimination occurred is applicable. Because here, the retaliation claim arose under Title III and damages are not available for private parties under § 12188, Plaintiffs are not entitled to damages.

As to G's request for an order prohibiting Fay from retaliating against him "a federal court may not grant injunctive relief when…intervening events have eliminated any reasonable anticipation that the aggrieved party will, in the future, be faced with a recurrence of the alleged harm." *Goodwin*, 436 F.3d at 49. "It is not enough for a plaintiff to assert that she 'could be' subjected in the future to the effects of an unlawful policy or illegal conduct by a defendant—the prospect of harm must have an 'immediacy and reality.'" *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 16 (1st Cir. 2004) (internal citations omitted).

G has completed 9th grade at a private high school and asserts that he *may* repeat the 9th grade and *may* elect to do so at the Fay School. G's mother's affidavit stating a desire for G to

re-enroll at the Fay School is not sufficient to show that G may be subjected to a recurrence of the harm absent additional facts. *See Fox v. Bd. of Trustees of State Univ. of New York*, 42 F.3d 135, 143 (2d Cir. 1994) (because there was "no indication that any of the Plaintiffs…applied …much less had been accepted…[t]he bare statement of intention [was] insufficient to escape mootness" (internal citations omitted)). This Court found evidence that G suffered symptoms while at Fay, but determined that Fay fulfilled its obligations under the ADA and would not be required to provide the requested accommodation of limited Wifi exposure. The record shows that G's current school has provided such accommodations and G has not suffered the same symptoms. (Doc. No. 138-1 pg. 3, ¶ 7). Lastly, the Fay School has made clear that they have not, and would not, admit a student in G's position if he were to re-enroll because G has completed a high school 9th grade and Fay is a middle school 9th grade. Based on all of these facts, I find that there is no reasonable anticipation that G will again be a student at the Fay School and the retaliation claim seeking injunctive relief is moot. Accordingly, I grant the Defendants motion for judgment on the pleadings for the reasons set forth above.

**SO ORDERED.**

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**